# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.: 21-191** |
| v. | * | **SECTION: "J"** |
| **SHAWN WINDING** | * | |

\* \* \*

## FACTUAL BASIS

The defendant, **SHAWN WINDING ("WINDING")**, has agreed to plead guilty as charged to Count One of the Second Superseding Indictment. Count One charges the defendant with Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a). Should this matter have gone to trial, the government would have proven, through the introduction of competent testimony and other admissible evidence, the following facts, beyond a reasonable doubt, to support the allegations in the Indictment now pending against the defendant. All the events below occurred within the Eastern District of Louisiana.

On November 16, 2021, at approximately 11:05 a.m., Orleans Parish Sheriff's Office (OPSO) Deputies K.R. and P.F. were stopped in a vehicle at a red light located near Popeyes Louisiana Kitchen ("Popeyes") at 2000 Gentilly Blvd., New Orleans, LA 70119. From their vehicle, the Deputies observed a Brinks armored car carrier, who appeared to be carrying a bag of money, exit the Popeyes. As the carrier approached his Brinks vehicle, an SUV parked in the parking lot sped toward the carrier, struck him, and then sped out of the parking lot toward the street. Inside the vehicle was ROMAIN, JONES, **WINDING**, and JOSEPH. The OPSO Deputies

AUSA
Defendant
Defense Counsel

drove into the Popeyes parking lot and attempted to render assistance to the armored car carrier who was struck by the SUV. K.R. maintained visual contact with the SUV and observed the vehicle attempt to enter the on-ramp of Interstate 610 where the car became disabled.

Prior to these events, ROMAIN, JONES, **WINDING**, and JOSEPH met and planned to arrive at the above-mentioned Popeyes on November 16, 2021, and steal cash from the armored car carrier. At this meeting, ROMAIN, JONES, **WINDING**, and JOSEPH were all aware that it was illegal to steal money from an armored car carrier and all agreed that all four individuals would work together to steal the money. ROMAIN, JONES, **WINDING**, and JOSEPH made this agreement willingly, and admit that in planning the robbery and driving to the parking lot with the intent to commit the robbery, an act beyond mere preparation towards stealing money was done.

On the day of the robbery, ROMAIN, JONES, **WINDING**, and JOSEPH met at the Lowes parking lot on Elysian Fields Avenue and all entered the same vehicle to drive to the Popeyes. After arriving at Popeyes in the vehicle they parked out front. ROMAIN was the driver, **WINDING** was the passenger, JONES sat in the rear passenger seat driver side, and JOSEPH was seated in the rear passenger seat passenger side. **WINDING** was armed with a rifle. **WINDING** acknowledges that he as well as ROMAIN, JONES, and JOSEPH each "possessed" the above-mentioned firearm because it was openly carried, and each defendant knew that the firearm was inside of the vehicle. Additionally, any defendant could have reached out and taken physical possession of the above-mentioned firearm.

2

AUSA _____
Defendant _____
Defense Counsel _____

After leaving the location without acquiring any money, the driver of the vehicle attempted to get onto the interstate. When the vehicle became disabled, and ROMAIN, JONES, **WINDING**, and JOSEPH fled on foot. NOPD officers responded to the abandoned SUV on the Interstate 610 on-ramp. Officers conducted a search of the scene where they recovered a German Sports Gun Model GSG-16, .22 caliber rifle bearing serial number A810650 and two white Nike Air shoes, size 9.5, on the embankment next to the Interstate 610 on-ramp, in the same direction ROMAIN, JONES, **WINDING**, and JOSEPH fled.

When ROMAIN, JONES, **WINDING**, and JOSEPH, fled from the SUV. K.R. alerted other law enforcement agencies and gave a description of two of the fleeing subjects. An NOPD Detective was in the vicinity of the Popeyes and heard the above-mentioned description of the fleeing individuals. Being familiar with the area and the location of the railroad track, the Detective relocated to the 1900 block of Abundance St. which is easily accessible should someone choose to flee along the railroad. The location is approximately one (1) mile from the location of the Popeyes. At the 1900 block of Abundance St., the Detective encountered ROMAIN and **WINDING**, who were arrested. JONES and JOSEPH were not apprehended on that day, but both were arrested over subsequent months.

AUSA
Defendant
Defense Counsel

## Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by **WINDING**. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for **WINDING's** plea of guilty to the charged offenses.

**READ AND APPROVED:**

For: *[signature: Ben Myer]*      10/26/2023
MICHAEL TRUMMEL      Date
Assistant United States Attorney

*[signature: Shawn Winding]*      10/26/23
SHAWN WINDING      Date
Defendant

*[signature]*      10/26/23
CYNTHIA CIMINO      Date
Counsel for Defendant